

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-90,447-01

## EX PARTE JAMAKA RAY COTTINGHAM

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 744984-A IN THE 176TH DISTRICT COURT
### FROM HARRIS COUNTY

RICHARDSON, J. filed a dissenting opinion in which NEWELL, WALKER, and SLAUGHTER, JJ., joined.

Applicant was convicted of aggravated robbery and sentenced to thirty years' imprisonment. After his conviction was affirmed and mandate issued, Applicant filed this writ application claiming ineffective assistance of counsel. The trial court held a hearing on Applicant's writ, where it was uncontroverted that the Applicant's lawyer failed to investigate a critical piece of evidence – known fingerprints – and present it at trial. The trial court found that counsel claimed no strategic reason for his failure to (1) investigate or discover the fingerprint evidence in the State's file that was of another defendant, Duran, (2) present evidence of Duran's other crimes, or (3) argue Duran was the perpetrator. The trial court found that this evidence clearly showed

deficient performance. Addressing prejudice, the trial court found that, had such fingerprint evidence been presented at trial, it would have changed the outcome of the proceedings: the State's case was weak, the State's only evidence was the victim's purportedly vague identification testimony, which was undercut by the stress of having two guns pointed at his head during the very brief encounter, and Applicant had presented alibi evidence. The trial court found that there was no physical evidence connecting Applicant to the crime, and "[h]ad counsel discovered and presented evidence that the fingerprint found on the car used in the robbery belonged to Duran, who was charged with an aggravated robbery and a murder committed within six weeks of the Brown robbery, that Applicant was excluded as a source of fingerprints on the car, and that a second person whom Duran named as an accomplice, Brisby Brown, matched the fingerprints, there is a reasonable probability that the result of the trial would have been different." The trial court recommended, and the State and Applicant agreed with the recommendation, that Applicant's conviction should be set aside and that he be granted a new trial. The record supports the trial court's findings.

Given all of these facts, it is difficult to envision why this Court believes Duran would be willing to admit to another first degree felony to go along with his lengthy criminal history. More than likely his testimony will require that a bench warrant be issued, that he be transported back to Harris County from TDCJ, and that another hearing be scheduled to obtain his testimony, where he would more than likely invoke his Fifth Amendment right not to testify.

Although Applicant included in his writ application a claim of actual innocence, he has failed to urge that ground and he has failed to argue its merit. Neither Applicant

nor the State pursued any type of findings by, or recommendation from, the trial court related to the claim of actual innocence, and none were made. The Court has not considered such claim to be before it. Yet today the Court remands this application to the trial court for credibility findings. Unless this Court is considering his actual innocence claim, these findings are not relevant.

The trial court's findings of ineffective assistance of counsel are supported by the record, and without any urging whatsoever by Applicant of actual innocence, there is no need to delay the Court's decision to grant relief. The conviction should be set aside. Respectfully, therefore, I dissent.

Filed: October 7, 2020

Publish